DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Kimberly and Joshua Papai, appeal from an order of the Summit County Court of Common Pleas granting summary judgment to Appellee, Cuyahoga Falls General Hospital. We affirm.
On November 3, 1995, Appellant, Kimberly Papai, underwent laparoscopic cholecystectomy surgery, more commonly referred to as gallbladder removal surgery, at Cuyahoga Falls General Hospital. On the morning of her surgery, an intravenous cannula (hereafter referred to as an "IV") was inserted into her right hand. Medications were administered through this IV. At some point after the surgery, Ms. Papai informed the nurse that the IV in her hand felt as if it was falling out. The staff nurse reassured her that it was not falling out and that she should just rest. By the time the third dose of medication was administered, the IV had fallen completely out. When the IV was reinserted into her hand, Ms. Papai felt tremendous pain and her hand became very cold. Within minutes her hand was swollen. Upon instructions from the doctor, the IV was removed and inserted into her other hand without incident. Due to the condition of her right hand, Ms. Papai remained in the hospital overnight. Ms. Papai was discharged from the hospital on November 4, 1995.
Following her discharge, Ms. Papai sought follow-up care for her surgery and her hand from Dr. Wehmann, the doctor who performed her surgery. At the second follow-up appointment, Dr. Wehmann told Ms. Papai that her hand was infiltrated. The doctor also informed her that it could take up to six months for her hand to heal. Ms. Papai continued to see Dr. Wehmann for treatment for her hand for five months. Following her appointment on April 1, 1996, Ms. Papai saw little improvement in her hand and she sought a second opinion. Ms. Papai also consulted with an attorney regarding a possible malpractice action arising out of this injury.
On January 24, 1997, Appellants filed a complaint against Appellee alleging medical malpractice and loss of consortium. The complaint was voluntarily dismissed without prejudice by Appellants on July 25, 1997. On July 1, 1998, the complaint was refiled under the savings statute. Appellee later moved for summary judgment on the basis that the claim was barred by the statute of limitations. Appellants responded arguing that the statute of limitations was tolled by the continuing relationship with Dr. Wehmann. The trial court granted summary judgment on January 14, 1999, holding that the statute of limitations was not tolled by the follow-up care provided by the attending physician, as Appellants failed to show an agency relationship between Dr. Wehmann and the Appellee. Appellants timely appealed and have raised one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law by granting [Appellee's] motion for summary judgment on grounds that [Appellants'] complaint was filed outside the applicable statute of limitations.
Appellants have argued that summary judgment was improperly granted to Appellee on the basis that the complaint was filed outside of the time permitted under the statute of limitations. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is to be granted to the moving party if there is no genuine issue as to any material fact and, if after construing the evidence most strongly in favor of the non-moving party, reasonable minds could come to but one conclusion and that conclusion is adverse to the non-moving party.
Appellee moved for summary judgment based upon the fact that the claim was time barred. In Frysinger v. Leech (1987), 32 Ohio St.3d 38, the Supreme Court of Ohio set forth the standard for when a cause of action based upon medical malpractice shall accrue. The Court held that pursuant to R.C. 2305.11:
 a cause of action for medical malpractice accrues and the one-year statute of limitations commences to run (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later.
(citation omitted.) Id. at paragraph one of the syllabus.
The parties do not dispute the fact that Appellants were aware of the injury on November 3, 1995. Additionally it is agreed that Ms. Papai was discharged from the hospital on November 4, 1995 and did not seek or receive any further care from Appellee. Therefore, any physician-patient relationship between Ms. Papai and Appellee was thereby terminated on that date. In light of the above facts and the law as set forth by the Supreme Court, the one-year statute of limitations began to run on November 4, 1995. Therefore, Appellants' complaint filed January 24, 1997 was untimely.
Appellants have argued that the statute of limitations was tolled until the physician-patient relationship between Ms. Papai and Dr. Wehmann was terminated in April, 1996, thereby making the complaint timely. In Clark v. Southview Hosp. Family HealthCtr. (1994), 68 Ohio St.3d 435, the Supreme Court of Ohio held:
 A hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice for knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care.
(citation omitted.) Id. at syllabus. Appellee has submitted evidence that Dr. Wehmann is an independent physician with privileges to practice medicine at Cuyahoga Falls General Hospital. They have also submitted affidavit testimony that Dr. Wehmann is not currently an employee of Appellee nor was he so employed in November, 1995. Appellants have not pointed to any evidence that would refute this testimony, nor have they provided evidence that they looked to the hospital, as opposed to Dr. Wehmann, for medical care. In fact, all of Ms. Papai's follow-up care was arranged with Dr. Wehmann and not with or through Appellee. Therefore, in light of the lack of an agency relationship between the parties, Ms. Papai's continued physician-patient relationship with Dr. Wehmann did not serve to toll the statute of limitations with respect to Appellee until the termination of said relationship, and summary judgment was properly granted.
Appellants' assignment of error lacks merit and is hereby overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR.